UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

RAMIE R. MARSTON              :
                              :
     v.                       :    C.A. No. 1:10-CV-00278-WES
                              :
KRISTIN COOK, et al.          :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pro se Plaintiff Ramie Marston filed her Complaint on July 9, 2010 along with her Motion to Proceed In Forma Pauperis ("IFP") under 28 U.S.C. § 1915. (Document Nos. 1 and 2). On July 29, 2010, Plaintiff's Motion to Proceed IFP was GRANTED. (Document No. 16). This pro se case is now ripe for preliminary review under Local Rule ("LR") 4.3(d)(1)(B) and 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Facts**

Although Plaintiff's hand-written Complaint is somewhat disorganized and confusing, it appears that Plaintiff is trying to sue United States Probation Officer Kristin Cook ("U.S.P.O. Cook"), the U.S. Attorney's Office for the District of New Hampshire (incorrectly identified by Plaintiff as the "United States Prosecution Department"), and Mr. David Ellis of Dover, New Hampshire. At the time she filed the Complaint and presently, Plaintiff is a federal inmate at the Federal Correctional Institution in Danbury, Connecticut. The Federal Bureau of Prisons' website lists Plaintiff's projected release date as October 29, 2010.

Plaintiff's incarceration arises out of her 2009 fraud convictions in United States v. Marston, 1:09-CR-00095-SM (D.N.H). According to the docket in that criminal case, Plaintiff was sentenced

to concurrent fifteen-month sentences on October 30, 2009 but she was previously detained on September 28, 2009 based on a bail violation finding. It appears that Plaintiff was supervised on bail by U.S.P.O. Cook who was the author of and a signatory to Plaintiff's bail violation report dated September 23, 2009. (Document No. 13 in 1:09-CR-0095-SM). The docket also reflects that U.S.P.O. Cook was a witness at a bail revocation hearing on September 28, 2009 at which Plaintiff was ordered detained by the Court. (Document No. 15 in 1:09-CR-0095-SM). Plaintiff alleges that U.S.P.O. Cook has "stepped over ethical and professional guidelines by her 'communication' with David Ellis...[and] did so with malicious intent knowing the fear Mr. Ellis has caused my family and I." (Document No. 1 at p. 2). Plaintiff identifies Mr. Ellis as an alleged "victim" in a pending investigation against her. Id. at p. 3. Plaintiff does not identify the legal basis for her claim as required by Fed. R. Civ. P. 8(a).

As to Mr. David Ellis, Plaintiff alleges that he has "harassed, stalked and coerced" Plaintiff and her family since November 2008. Id. at p. 2. She describes his conduct as "psychological terrorism." Id. at p. 3. She further alleges that Mr. Ellis openly discusses what U.S.P.O. Cook and the Prosecution are planning to do to her next, and he has illegally posed as her on the Internet. Id. Finally, as noted above, Plaintiff asserts that Mr. Ellis is listed as an alleged "victim" in a pending investigation against her. Id. at p. 4. Plaintiff also fails to specifically identify the legal basis of her claim against Mr. Ellis.

Finally, as to the New Hampshire U.S. Attorney's Office, Plaintiff alleges that it is "using Mr. Ellis to further intimidate me and force me into a coerced plea agreement." Id. She also alleges that the Office assisted the father of her children in obtaining custody of them which "falls well out

of the scope of what the Federal offices in New Hampshire are suppose[d] to do." Id. She describes her allegations as constituting "abuse of service by legal officials." Id.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Sections 1915 and 1915A also require dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted). Finally, dismissal is required if the action seeks damages from a defendant afforded immunity from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). In making this recommendation, this Court has taken all of

the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Initially, as to all Defendants, the Complaint fails to comply with Rule 8, Fed. R. Civ. P. Rule 8 requires that all pleadings stating a claim, such as a Complaint, must contain (1) a short and plain statement of the grounds for the Court's jurisdiction and the legal claim showing that the plaintiff is entitled to relief; and (2) a demand for the relief sought. Plaintiff's Complaint does not contain a demand for relief and does not specify the legal bases for her claims or grounds for federal jurisdiction.

As to her claim against the United States Attorney's Office for the District of New Hampshire (incorrectly named by Plaintiff as "United States Prosecution Department"), it is barred by the doctrine of sovereign immunity. It is unclear if Plaintiff is attempting to bring a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., for damages arising out of the negligence of a federal agency or official, or under the authority of Bivens v. Six Unknown Named Agents of the F.B.I., 403 U.S. 388 (1971), which permits a claim against a federal official for deprivation of a federally protected right. Plaintiff does not, however, attempt to state a claim against an individual agent or employee of the United States Attorney's Office. Rather, Plaintiff sues only the office itself, a federal agency, as a Defendant. However, "[i]t is well established that neither an FTCA action nor a Bivens action can be brought against a federal agency." Correia v. Dep't of Homeland Security, C.A. No. 08-352S, 2009 WL 68733 at *2 (D.R.I. Jan. 6, 2009) (citations

omitted).  Such claims are barred by the United States' sovereign immunity from suit.  Levesque v. United States, No. 09-CV-426-PB, 2010 WL 1994842 at *3 (D.N.H. May 18, 2010).

Furthermore, even if Plaintiff sued an individual agent or employee of the United States Attorney's Office under the FTCA, it does not appear that Plaintiff has satisfied the precondition to suit of filing an administrative claim as required by 28 U.S.C. § 2675(a).  See Mucci v. United States, Civil No. 09-cv-350-PB, 2010 WL 1633413 at *2 (D.N.H. April 22, 2010).  In addition, since Plaintiff's allegations appear to relate to an ongoing criminal investigation, there is a likelihood that any such claims would also be barred by prosecutorial immunity.  See Rondeau v. Rogers, Civil No. 09-cv-402-JL, 2010 WL 3070192 (D.N.H. July 8, 2010).  No matter how you slice it, Plaintiff's attempted claim against the "United States Prosecution Department" is not legally viable.

As to her claim against U.S.P.O. Cook, it is also not legally viable.  If Plaintiff is trying to plead an FTCA claim against U.S.P.O. Cook, she has failed to assert that she has pursued the required administrative claim before filing suit.  See Lin Li Qu v. Cent. Falls Det. Facility Corp., C.A. No. 09-53S, 2010 WL 2380739 at *3 (D.R.I. June 14, 2010) (identifying pre-suit administrative claim requirement as a "jurisdictional prerequisite" for bringing an FTCA claim).  If Plaintiff is trying to plead a Bivens claim against U.S.P.O. Cook, she has failed to specifically identify any federal constitutional or statutory right which was infringed by Cook's alleged actions.  See Correia, supra at *2 ("To maintain a Bivens action, a plaintiff must set forth facts detailing a deprivation of a federally protected right done or caused by a federal agent acting under color of his authority."). Finally, even if Plaintiff had properly plead a claim for relief against U.S.P.O. Cook, she would likely be cloaked with absolute immunity from suit because U.S.P.O. Cook supervised Plaintiff while she was on pretrial release in United States v. Marston, CR No. 09-cr-95-01-SM, and reported

bail violations to the Court and served as a witness at a bail revocation hearing on September 28, 2009. As an "investigative and supervisory arm of the court," U.S.P.O. Cook "is entitled to absolute immunity from suit in the performance of...her judicially-related functions." United States v. Davis, 151 F.3d 1304, 1306 (10th Cir. 1998). Although the factual basis of Plaintiff's claim against U.S.P.O. Cook is not clear from the Complaint, it is clear that Plaintiff is suing Ms. Cook in her capacity as a United States Probation Officer and, in that capacity, U.S.P.O. Cook was responsible for supervising Plaintiff's pretrial release and investigating any violations of her Court-ordered conditions of release. It is also clear from Magistrate Judge Muirhead's Order revoking Plaintiff's bail that her bail violations were "what amounts to a continuation of her crimes." (Document No. 15 in 1:09-CR-0095-SM).

Finally, as to her claim against Mr. Ellis, Plaintiff has not identified any federal basis for relief against him. She accuses him of harassment and stalking and presumably seeks to invoke New Hampshire state law. In order to consider such a state law claim, the Court would have to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 due to the absence of independent diversity jurisdiction under 28 U.S.C. § 1332.[1] Section 1367 allows federal district courts to consider state law claims in a civil action where the claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." I have recommended dismissal of all of the potential federal claims arguably raised by Plaintiff. Declining to exercise jurisdiction over this related state law claim against Mr. Ellis is appropriate here, as no

---

[1] It appears that both Plaintiff and Mr. Ellis are residents of New Hampshire for purposes of 28 U.S.C. § 1332. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) ("In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state.").

federal action anchors that claim in this Court.  Accordingly, I recommend dismissal of Plaintiff's state law claim without prejudice to her ability to pursue that claim in an appropriate action in state court. In fact, it appears from a filing by Mr. Ellis in Plaintiff's criminal case (Document No. 36 in CR No. 1:09-cr-00095-SM) that Plaintiff has already pursued a stalking order under N.H. Rev. Stat. § 633:3-a against Mr. Ellis in New Hampshire State Court.  See Marston v. Ellis, Case No. 2009-0278 (N.H Supreme Court).

**Conclusion**

For the reasons stated, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii) and 1915A(b), this Court recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE as to U.S.P.O. Cook and the New Hampshire United States Attorney's Office and WITHOUT PREJUDICE as to Mr. Ellis and that all pending motions (Nos. 3, 10, 13, 17, 18, 19, 20 and 22) be DENIED as moot.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 31, 2010